Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
sgrecordon@aol.com

Clinton Rooney (SBN 221628)
rooneycdi@gmail.com
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 234-0212
Facsimile: (619) 232-1382

Attorneys for Plaintiff BRETT ROBERTS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT ROBERTS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ASSET ACCEPTANCE, LLC and ) <br> FULTON, FRIEDMAN & ) <br> GULLACE, LLP, ) <br> ) <br> Defendants. ) | CASE NO. **'14CV0845 H    JMA** <br><br> COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND THE ROSENTHAL ACT |

Complaint

## INTRODUCTION

1. Plaintiff Brett Roberts, through his counsel, brings this action to challenge the acts of Asset Acceptance, LLC (hereinafter, "Asset,") and of Fulton, Friedman & Gullace, LLP, (hereinafter "FFG") (collectively, "Defendants") regarding attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and out of Defendant Asset's violations of California's Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act").

7. As both Defendants do business in the State of California, and committed the acts that form the basis for this suit with the intent to cause effects in the State of California, this Court has personal jurisdiction over Defendants for purposes of this action.

8. Venue is proper as both Defendants do business in the County of Los Angeles, and the acts at issue took place in the County of Los Angeles.

///

Complaint

-2-

## PARTIES

9. Plaintiff is a natural person, an adult, and resides in Los Angeles County, California.

10. Plaintiff is informed and believes and thereon alleges that Defendant Asset is a Delaware limited liability company, or "LLC," doing business in the State of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant FFG is a New York Limited Liability Partnership ("LLP") doing business in the State of California.

12. Defendant Asset is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

13. Defendant FFG is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is, therefore, a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

14. Defendant Asset, in the ordinary course of business, regularly, on behalf of himself, himself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b) is, therefore, a debt collector as that term is defined by California Civil Code § 1788.2(c).

15. Defendants Asset and FFG claim that Plaintiff is obligated to pay a debt and, therefore, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing

from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTS COMMON TO ALL CAUSES OF ACTION

18. On September 6, 2015, Defendant FFG, on behalf of their client Asset, filed a complaint ("State Court Complaint") in the Superior Court of California for the County of Los Angeles against Mr. Roberts, in the matter of *Asset Acceptance, LLC v. Brett Roberts*, *et al*, case number 13A18654.

19. A copy of this September 6, 2013 State Court Complaint is attached as Exhibit A.

20. In the above State Court Complaint, later served on Mr. Roberts, Defendants alleged that Asset was an assignee of Wells Fargo Bank, NA and that:

    A. Asset had an enforceable legal claim for an open book account against Roberts;

    B. Asset simultaneously had an enforceable legal claim for an "account stated" against Roberts; and

    C. Asset had an enforceable claim against Mr. Roberts for restitution under a theory of "unjust enrichment," in the amount of $4,287.38 by receipt of money on an account.

**Time barred claims**

21. In fact, Asset did not have an enforceable legal claim under any of the above theories, as all of the above claims were time barred, as more than four years elapsed between Mr. Roberts last transaction on the account at issue and the filing of the State Court Complaint, or in the case of Asset's Unjust Enrichment claim, more than three years had elapsed since the receipt of the consideration at issue.

Complaint

22. Defendants therefore misrepresented the legal status of a debt, as Defendants falsely claimed to have three enforceable legal claims, when in fact they had none.

**Defendants' claim of a right to $4,287.38 under a theory of unjust enrichment is inflated and therefore false.**

23. Defendants alleged in the State Court Complaint that Mr. Roberts owed a debt of $4,287.38 to Asset based on a theory of unjust enrichment, a claim for restitution.

24. Quasi-contractual theories such as unjust enrichment only allow for the recovery of damages for restitution; or the consideration or other benefit received, and results in a waiver of any contract between the parties.

25. Unjust enrichment, therefore, does not allow for the recovery of contractual compound interest or fees.

26. Contrary to Defendants' allegations, Mr. Roberts never received $4,287.38 in unpaid money, or other benefit or consideration of this value, on the account alleged.

27. In fact, the balance of $4,287.38 alleged by Defendants was based in whole or in part in contractual compound interest and fees which are not recoverable under a theory of unjust enrichment.

28. Therefore, Defendants made a false representation as to the amount available to Asset under a theory of unjust enrichment and attempted to collect an amount not authorized by law or agreement.

**Modification of a document approved by an agency of a state**

29. In the State Court Complaint, Defendants modified a form complaint, form number PLD-C-001(2), at paragraph CC-1(a)(2), by changing the word "plaintiff" to read "plaintiff's assginor(*sic*)."

30. This same form states at the bottom that is a "Form Approved by the Judicial Council of California."

Complaint

31. The Judicial Council of California is an agency of the State of California, part of the judicial branch of California's government.

32. While there are certain parts of this form that may be modified by adding language, these sections are clearly marked by language like "other (name):" or "other (specify):" which makes it clear that the language that follows was written by the litigant, and not by the Judicial Council, and that the Judicial Council intended to allow language by the litigant to be inserted at that paragraph.

33. Paragraph CC-1(a)(2) does not bear any indicia that it was intended to be modified in any way, and it is the *unmodified* language of paragraph CC-1(a)(2) that is "approved by the Judicial Council."

34. The FDCPA, at 15 USC 1692e(9), prohibits "**The use or distribution of any written communication which** simulates or **is falsely represented to be a document** authorized, issued, or **approved by any** court, official, or **agency of** the United States or **any State**, **or which creates a false impression as to its** source, authorization, or **approval**."

35. Defendants both falsely represented, and created a false impression, that document PLD-C-001(2), modified to add the words "plaintiff's assignor(*sic),*" instead of "plaintiff" at paragraph CC-1(a)(2) was a form approved by the Judicial Council of California.

ALLEGATIONS SPECIFIC TO CERTAIN CAUSES OF ACTION

**FIRST CLAIM FOR RELIEF**

**(Violations of the FDCPA by Asset FFG)**

36. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

37. Defendants Asset and FFG violated the FDCPA. Defendants' violations include, but are not limited to the *following*:

    a. *15 U.S.C. §1692d* by using unfair or unconscionable means to collect a debt; and by engaging in behavior the natural consequence of which is

Complaint

-6-

    to harass, abuse or oppress a person in connection with the collection of a debt;

 b. *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt;

 c. *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt;

 d. *15 U.S.C. §1692e(9)* by use or distribution of a written communication which simulates or is falsely represented to be a document authorized or approved by an agency of a State, or which creates a false impression as to its authorization, or approval.

 e. *15 U.S.C. §1692e(10)* by use of a false representation or deceptive means to collect a debt;

 f. *15 U.S.C. §1692f(1)* by collection of an amount not expressly authorized by an agreement creating a debt, or by law.

38. Plaintiff is entitled to actual damages sustained as a result of Defendants' conduct, in an amount according to proof; to statutory damages of $1,000; costs of the action; and reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k*.

## SECOND CLAIM FOR RELIEF

**(Violations of the Rosenthal Act by Asset)**

39. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

40. Based on information and belief, Defendant Asset's acts and omissions violated *California Civil Code § 1788 et seq*, including, but not limited to the following sections: *California Civil Code §§ 1788.17* and *1788.13*.

41. Based on information and belief, Defendant Asset's violations of *California Civil Code § 1788.17*, which incorporate several of the provisions of the FDCPA, include, but are not limited to, the following: Defendant Asset's violations include, but are not limited to the *following*:

Complaint

-7-

a. *15 U.S.C. §1692c(a)* by communicating with a represented consumer, without consent of the consumer's counsel, and without first contacting the consumer's counsel.

b. *15 U.S.C. §1692d* by using unfair or unconscionable means to collect a debt; and by engaging in behavior the natural consequence of which is to harass, abuse or oppress a person in connection with the collection of a debt;

c. *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt;

d. *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt;

e. *15 U.S.C. §1692e(9)* by use or distribution of a written communication which simulates or is falsely represented to be a document authorized or approved by an agency of a State, or which creates a false impression as to its authorization, or approval.

f. *15 U.S.C. §1692e(10)* by use of a false representation or deceptive means to collect a debt;

g. *15 U.S.C. §1692f(1)* by collection of an amount not expressly authorized by an agreement creating a debt, or by law.

42. Defendant Asset also violated the Rosenthal Act at Civil Code § 1788.13 by making a false representation that the debt alleged may be increased by the addition of attorney's fees, when in fact no such fees may legally be charged.

43. Defendant Asset's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to *Civil Code § 1788.30(b).*

44. As a proximate result of the violations of the Rosenthal Act committed by Defendant Asset, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00

Complaint

each pursuant to California Civil Code § 1788.30(b); and, reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant Asset.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants Asset and FFG, and prays for the following relief:

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants Asset and FFG, and for the Plaintiff;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants Asset and FFG, and for the Plaintiff;

3. An award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendant Asset and for Plaintiff;

4. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against Defendant Asset and for Plaintiff;

5. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code § 1788.30(c) against Defendant Asset, and as to 15 U.S.C. § 1692k(a)(3) only, against Defendant FFG; and

6. Such other and further relief this court may deem just and proper.

## JURY DEMAND

1. Plaintiff demands a trial by jury.

Respectfully submitted,

DATED: April 1, 2014            /s/ STEPHEN G. RECORDON
                                Attorney for Plaintiff
                                BRETT ROBERTS

Complaint